UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ZISSY HOLCZLER
on behalf of herself and
all other similarly situated consumers

                        Plaintiff,

      -against-


CAVALRY PORTFOLIO SERVICES, LLC

                        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Zissy Holczler seeks redress for the illegal practices of Cavalry Portfolio Services, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Valhalla, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Zissy Holczler*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about June 30, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter stated: "We may report information about your account to credit reporting agencies."

12. Said letter misrepresented and contradicted the Plaintiff's right to dispute the debt under § 1692g and was deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

13. Said letter fails to explain that if such action is taken against the Plaintiff within the thirty day period, she is still however, able to dispute the debt within that thirty day period.

14. Said letter does not refer to the consumer's right to dispute the debt and the language used in the letter implies a sense of urgency.

15. The implication of the language in the said letter would lead the least sophisticated consumer to ignore his or her right to use out the legally allotted thirty days to validate the debt and act immediately.

16. The least sophisticated consumer would be left in the dark as to whether or not he or she still had the right to dispute the debt within the thirty day validation time period.

17. Section 1692g(b) of the FDCPA states:

    "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

18. Such a statement that the Defendant would report information regarding the account to credit agencies was a tactic to scare the Plaintiff and the least sophisticated consumer into paying the debt immediately.

19. It is a violation of the FDCPA to include language in a letter that overshadows the required 15 U.S.C. § 1692g statement.

20. The said language overshadowed and contradicted the validation notice stated above it in the letter, and was misleading.

21. The Second Circuit has indicated that any reference to credit reporting in conjunction with the validation notice would overshadow a debtor's validation rights.

22. In fact, the Second Circuit found a significant concern even in a case where the threat to report was clearly going to occur after the 30-day validation period.  The Second Circuit found that a statement on the front of a collection letter that stated if the debt was not paid <u>after</u> thirty days it would be forwarded to credit reporting agency when read in conjunction with the verification notice on the reverse side, could contradict the thirty-day verification notice.  See [1] <u>McStay v. I.C. System, Inc.</u>, 308 F.3d 188, 191 (2d

---

[1] <u>Creighton v. Emporia Credit Serv., Inc.</u>, 981 F. Supp. 411 (E.D. Va. 1997). ("The least sophisticated debtor could reasonably interpret the notice as a demand for immediate payment or failure resulting in Defendant's *immediate* just cause to place the item on her credit report. Such an interpretation would circumvent the validation notification which requires a thirty-day period in which the claim may be disputed." The court noted that "Defendant claims that its statements do not demand payment "immediately" or "today." However, "your unpaid bill must be paid in full to this office upon receipt of this notice" is the equivalent to immediately". The court also found that "The notice states that "failure to pay in full when notified will be just cause to place this item on your credit record." Defendant argues that this just means that there is a possibility

Cir.2002). (Finding Plaintiff's argument - that a debt collector's threat to report the debt to the National Credit Reporting Agencies after the 30 day validation period had overshadowed and contradicted the validation notice - was a significant argument but declined to consider the issue since it was raised for the first time on appeal.)

23. In addition, the said language is including, but not limited to, a threat to take unintended an action that is beyond letter communications.

24. Upon information and belief, the Defendant did not intend to report Plaintiff's account to any credit reporting agency.

25. Defendant's June 30, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10), 1692f and 1692g, for making false and deceptive threats of credit reporting by stating false credit information which further overshadowed the Plaintiff's validation rights.

26. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

27. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt

---

of this happening and not a threat that the collector will do so. This distinction is not persuasive because, if it means that they could do so, it is deceptive, since the thirty-day dispute requirement would prevent doing so immediately."), Perdue v. United Credit Mgmt. Corp. 2000 U.S. Dist. LEXIS 1502 (N.D. Ill. Feb. 9, 2000). ("This possible confusion is heightened by the fact that the "Adverse Action Notice" at the very bottom page indicates only that the account "*may be reported to ... credit reporting agencies*." No mention is made of when this may occur. It may be that a person with sufficient background in the Fair Debt Collection Practices Act would know that the threat of reporting cannot legally interfere with the debtor's right to challenge the debt, but whether the unsophisticated consumer would realize this is subject to dispute. Therefore, the Court cannot now find the letter not confusing. The motion to dismiss is denied."), Vaughn v. CSC Credit Servs., 1994 U.S. Dist. LEXIS 2172, at *24 (N.D. Ill. Feb. 28, 1994). ("CSC's assertion that the letter does not threaten any negative action because it states that the "account could be added to your credit bureau record" and does not actually threaten action will be taken, is unconvincing. The message conveyed by a collection letter is viewed as the least sophisticated consumer would view it. *Clomon v. Jackson,* 988 F.2d 1314, 1318-20 (2nd Cir. 1993). The implication to even a sophisticated consumer is that it CSC will take action. There is no reason for the consumer to think that CSC is making an idle comment with no intent to follow through. The threat is clear; pay or lose your good credit. "The form thus represents an attempt 'on the part of the collection agency to evade the spirit of the notice statute and mislead the debtor into disregarding the [required debt] validation notice."), Peters v. Collection Tech. Inc., 1991 U.S. Dist. LEXIS 21810 (D. Or. Dec. 5, 1991). ("The May letter includes a validation notice in finer print that is relegated to the bottom of the page. Unlike the one-third smaller print in *Swanson*, the validation notice in the May letter is only a slightly smaller print. However, the May letter states that "payment in full is expected at once" and that the agency "report[s] all unpaid accounts to TRW Credit Data within 30 days of [the] notice." Furthermore, the May letter extols the debtor to "mail or bring this notice to our office with full payment today." The content of the May letter appears misleading by requesting immediate payment of the debt. An unsophisticated debtor, and even an average debtor, may be prompted to ignore the debtor's statutory right to verify the debt in thirty days and instead pay immediately to avoid unfavorable credit reports in the debtor's credit file.")

collection communications.

28. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

29. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

30. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

31. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

32. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

33. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

34. As an actual and proximate result of the acts and omissions of Cavalry Portfolio Services, LLC, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

35. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty four (34) as if set forth fully in this cause of action.

36. This cause of action is brought on behalf of Plaintiff and the members of a class.

37. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 30, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Citibank, N.A.; and (b) the collection letter was returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10), 1692f and 1692g, for making false and deceptive threats of credit reporting by stating false credit information which further overshadowed the Plaintiff's validation rights.

38. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

39. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

42. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

43. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.  Any other relief that this Court deems appropriate and just under the circumstances.

> Dated: Woodmere, New York
> June 27, 2018
>
>      /s/ Adam J. Fishbein    
> Adam J. Fishbein, P.C.  (AF-9508)
> Attorney At Law
> **Attorney for the Plaintiff**
> 735 Central Avenue
> Woodmere, New York 11598
> Telephone: (516) 668-6945
> Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

>      /s/ Adam J. Fishbein   
> Adam J. Fishbein (AF-9508)

**Cavalry**

PO Box 520
Valhalla, NY 10595

Phone: (866) 434-2995 • FAX: (914) 747-3673
www.cavps.com

June 30, 2017

| | |
|---|---|
| RE: Original Institution: | Citibank, N.A./AAdvantage |
| Original Account No.: | 8162 |
| Cavalry Account No.: | 26 |
| Charge off balance: | $15141.54 |
| Interest since charge off: | $.00 |
| Other Charges or Fees since charge off: | $.00 |
| Payments since charge off: | $.00 |
| Outstanding Balance: | $14946.87* |

Zissy Holczler

Regulation of the New York State Department of Financial Services requires us to tell you: Cavalry, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., is prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

Dear Zissy Holczler:

Cavalry SPV I, LLC purchased the Citibank, N.A./AAdvantage account listed above and is now the creditor for the account. Cavalry SPV I, LLC has referred the account to Cavalry Portfolio Services, LLC ("Cavalry") for servicing.

Cavalry is committed to providing you with excellent customer service, which includes treating you in a fair and respectful manner. If at any time you feel that you have not been provided with excellent customer service, please call us at (866) 483-5139.

We understand that all of the account balance may not be repaid at this time. If some of the bill can be repaid, even if it is through a monthly payment plan, we would like to hear from you. We work with our customers to find affordable repayment arrangements. Please call us at (866) 483-5139 to discuss your repayment options.

Unless you notify Cavalry within thirty days after receiving this letter that you dispute the validity of this debt or any portion thereof, Cavalry will assume this debt is valid. If you notify Cavalry in writing within thirty days from receiving this notice that you dispute the validity of this debt or any portion thereof, Cavalry will obtain verification of the debt or a copy of a judgment, if applicable, and mail you a copy of such verification or judgment. If you request it from Cavalry in writing within thirty days after receiving this notice, Cavalry will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Christine Acosta
Cavalry Portfolio Services, LLC

* The amount you owe is the amount stated at the top of this letter as Outstanding Balance. Any difference between the Charge Off Balance, and the Outstanding Balance, is due to the application of credits to your account prior to the date of this letter.

We may report information about your account to credit reporting agencies.

Regulation of the New York State Department of Financial Services requires us to tell you: If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6.

> **THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.**

HELLO_LTRL
CVN.wfd
787315
00000814
1 of 2

## Notice of Important Rights

We are required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IN COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. Our in-state office address and telephone number is 80 Garden Center, Building B, Suite 3 Broomfield, CO 80020, (303) 920-4763.

**IN MASSACHUSETTS:** Notice of important rights. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the collector. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**IN MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**In New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 1126502, 1126497, and 1126494.

**In Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 4500 South 129th East Ave, Suite 165, Tulsa, Oklahoma 74134; and (d) 1611 County Rd B W, Suite 306, Roseville, MN 55113.

---

### Privacy Notice

**In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.**

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:

- Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
- Information about your transactions with us or others, such as your account balance and payment history.
- Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

- Credit bureaus
- The original creditor and entities that have had an ownership interest in your account
- Entities that provide mailing services on our behalf
- Entities that provide collection-related services on our behalf
- Others, such as third parties, when you direct us to share information about you
- Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION
We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION
We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

---

For account questions, comments, or general customer service, you may contact us at (866) 434-2995 Monday through Thursday 9am to 9pm Eastern Time, Friday 9am to 5pm Eastern Time, Saturday 9am to 1pm Eastern Time, or you may write us at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**By sending your check, please be aware that you are authorizing Cavalry Portfolio Services, LLC to use information on your check to make a one-time electronic debit from your account at the financial institution indicated on your check.**